UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEFFREY L. FELDER, JR.,
    Plaintiff,

vs.

OHIO STATE HIGHWAY PATROL,
    Defendant.

Case No. 1:15-cv-218
Beckwith, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff Jeffrey L. Felder, Jr., proceeding pro se, brings this action alleging employment discrimination on account of his race against defendant Ohio State Highway Patrol.[1] This matter is before the Court on defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 8), plaintiff's response in opposition to the motion (Doc. 12), and defendant's reply memorandum in support of the motion (Doc. 14).

**I. Introduction**

Plaintiff filed the pro se complaint in this matter on April 8, 2015. (Doc. 5). The complaint asserts a claim against defendant for violation of plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. § 2000e-2(a)(1). Section 2000e-2(a)(1) provides in part: "It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire . . . any individual . . . because of such individual's race. . . ." Plaintiff makes the following allegations in support of his discrimination claim:

> I am African American. In July 2014, I applied for a trooper position. On or about August 2014, I received a conditional offer of employment. I completed a physical examination and background check. On or about February 10, 2015, Lieutenant Amy D. Ivy, commander, office of recruitment for the Ohio State

---

[1] Defendant alleges that the Ohio State Highway Patrol is part of the Ohio Department of Public Safety, which is the proper party to defend this lawsuit. (Doc. 8 at 2).

Highway Patrol, informed me that they cannot approve my application for employment. I believe that I have been discriminated against because of my race.

(Doc. 5 at 2-3). As relief, plaintiff seeks "job placement and compensatory damages." (*Id.* at 3).

Plaintiff has attached to the complaint a copy of the Equal Employment Opportunity Commission (EEOC) charge he filed with the Ohio Civil Rights Commission on February 11, 2015. (Doc. 5-1). The charge includes the same allegations set forth in the complaint. Also attached to the complaint is a notice of right to sue from the EEOC dated February 19, 2015. (*Id.*).

## II. Defendant's motion to dismiss

Defendant moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 8). Defendant alleges that plaintiff's complaint fails to state a claim for relief because it includes only conclusory allegations of race discrimination with no supporting facts. (*Id.* at 2). Defendant acknowledges that plaintiff need not plead a prima facie case of discrimination to survive a motion to dismiss, but defendant states he is required to allege facts from which a reasonable person could infer that race factored into defendant's decision not to hire him. (*Id.* at 4). Defendant contends that plaintiff has failed to carry his pleading burden.

In response, plaintiff alleges that he is an African-American male; he has the training and experience to perform the necessary functions and duties of an Ohio State Highway Patrol Trooper; and he was refused employment. (Doc. 12). Plaintiff adds the allegation that on or about April 2, 2015, defendant continued to seek new candidates for the Patrol Trooper position. (*Id.*).

2

## III. Rule 12(b)(6) standard

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 555, 570). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A plaintiff who asserts a federal employment discrimination claim is not required to plead facts establishing a prima facie case under the framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), in order to state a claim for relief. *Id.* (citing *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002)). "The prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement." *Swierkiewicz*, 534 U.S. at 510. A plaintiff "need allege only (a) the statutory basis for [the] claims, and (b) the factual predicate of those claims, such that the defendants are 'apprise[d] . . . of the [] claims and the grounds upon which they rest.'" *Dickinson v. Zanesville Metro. Hous. Auth.*, 975 F. Supp.2d 863, 871 (S.D. Ohio 2013) (quoting *Lindsay v. Yates*, 498 F.3d 434, 440 (6th Cir. 2007)).

3

The Sixth Circuit has recognized the continued viability of *Swierkiewicz* subsequent to the Supreme Court's decisions in *Twombly* and *Iqbal*. *Keys,* 684 F.3d at 609; *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012). Thus, while a discrimination claimant need not plead a prima facie case, he must satisfy the "plausibility" standard established in *Twombly* and *Iqbal* for assessing whether the factual allegations of a complaint support the legal conclusions. *Keys,* 684 F.3d at 610 (citing *HDC, LLC,* 675 F.3d at 612-13) (affirming dismissal of Fair Housing Act claim where facts alleged in the complaint did not support plausible inference of intentional discrimination); *Pedreira v. Ky. Baptist Homes for Children, Inc.,* 579 F.3d 722, 728 (6th Cir. 2009) (affirming dismissal of religious discrimination claim where plaintiff failed to allege facts plausibly linking employment discharge to religious beliefs). Thus, although plaintiff's complaint need not include "detailed factual allegations," it must contain "sufficient 'factual content'" from which the Court, "informed by its 'judicial experience and common sense,' could 'draw the reasonable inference' . . . that [defendant] 'discriminate[d] against [plaintiff] . . . because of [his] race. . . .'" *Id.* (quoting *Iqbal,* 556 U.S. at 678, 679). "If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied." *Id.* The plaintiff does not state a claim to relief by simply reciting the elements of the cause of action. *HDC, LLC,* 675 F.3d at 614 (citing *Fritz v. Charter Twp. of Comstock,* 592 F.3d 718, 722 (6th Cir. 2010) (citation omitted)).

It is well-settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers [.]" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized that the Supreme Court's "liberal

4

construction" case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### IV. The motion to dismiss should be denied and plaintiff should be granted leave to amend the complaint.

The Court should deny defendant's motion to dismiss the complaint and grant plaintiff leave to amend the complaint. The complaint submitted by plaintiff does not state a plausible discrimination claim under 42 U.S.C. § 2000e-2(a)(1). The only factual allegations included in the complaint are that plaintiff is an African-American male; he applied for a trooper position; he received a conditional offer of employment; he underwent a physical examination and background check; and he was subsequently informed that his application for employment could not be approved. (Doc. 5 at 2-3). These factual allegations, coupled with plaintiff's assertion that he "believe[s]" defendant acted with a discriminatory motive (*Id.* at 3), are insufficient to state a claim for race discrimination under Title VII. *See El-Hallani v. Huntington Nat. Bank*, No. 14-1827, 2015 WL 4503199, at *3 (6th Cir. July 24, 2015) (factual allegations about discriminatory conduct based on nothing more than the plaintiff's belief are "naked assertions devoid of further factual enhancement" and are insufficient to state a claim).

However, if the factual allegations of the complaint are read together with those in plaintiff's response to the motion to dismiss, plaintiff may be able to allege sufficient facts to state a claim for race discrimination. In his opposing memorandum, plaintiff adds the following factual allegation: "On or about April 2, 2015 the defendant continued seeking new candidates for [the] position of Patrol Trooper." (Doc. 12). When this assertion of fact is considered in conjunction with the factual allegations of the complaint, plaintiff's allegations permit a "reasonable inference" that defendant discriminated against him because of his race. *See Iqbal*,

5

556 U.S. at 678. In fact, although not required to do so in order to satisfy the *Iqbal/Twombly* pleading standard, plaintiff has set forth sufficient factual allegations in the complaint and opposing memorandum to state a prima facie case of race discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973) (claimant may establish a prima facie case of race discrimination in hiring by showing "(i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications."). Plaintiff alleges that he is African-American, i.e., a racial minority. He also alleges that he applied for a trooper position in July 2014, he is an experienced Peace Officer with the training and experience to perform the necessary functions and duties of an Ohio State Highway Patrol Trooper, and the Ohio State Highway Patrol made him a conditional offer of employment, all of which indicate plaintiff was qualified for the job for which he applied. Plaintiff alleges he was rejected for the position when, on February 10, 2015, he was notified by the commanding officer of recruitment that his application for employment was not approved. Finally, plaintiff alleges that on or about April 2, 2015, "the defendant continued seeking new candidates for [the] position of Patrol Trooper." (Doc. 12). Under similar circumstances, courts within the Sixth Circuit have found such allegations state a plausible claim of discrimination in hiring and gave the defendant fair notice of the claims against it and the grounds upon which the claims rest. *See, e.g., Boone v. Kentucky*, No. CIV. A. 3:11-75, 2012 WL 1410256, at *6 (E.D. Ky. Apr. 23, 2012); *Howell v. First Tennessee Bank Nat. Ass'n*, No. 10-2924, 2012 WL 1022278, at *4-5 (W.D. Tenn. Mar. 26, 2012); *Ware v. Jenny Craig, Inc.*, No. 1:11-cv-252, 2011 WL 5506102, at *5 (S.D. Ohio Nov. 10, 2011); *Davis v. Solis*, No. 3:09-00223, 2011 WL

831562, at *6 (M.D. Tenn. Mar. 3, 2011); *Britton v. Ferro Corp.*, No. 1:10-cv-1202, 2010 WL 3515619, at *4 (N.D. Ohio Sept. 1, 2010); *E.E.O.C. v. FPM Grp., Ltd.*, 657 F. Supp. 2d 957, 965 (E.D. Tenn. 2009).

Because it appears plaintiff may be able to state a claim to relief under Title VII based on defendant's failure or refusal to hire him, the pro se complaint should not be dismissed. Instead, plaintiff should be allowed an opportunity to amend the complaint pursuant to Fed. R. Civ. P. 15(a)(2) (the court should "freely give leave" to amend when "justice so requires"). *See Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011) (a pro se plaintiff who arguably has a claim for relief should be permitted to amend the complaint, even if he has not requested leave to do so).

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's motion to dismiss the complaint (Doc. 8) be **DENIED**.
2. Plaintiff be granted leave to amend the complaint.

Date: 11/3/15

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeffrey L. Felder, Jr.,
    Plaintiff,

vs

Ohio State Highway Patrol,
    Defendant.

Civil Action No. 1:15-cv-218
Beckwith, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).